## CASTRO v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of San Juan.

No. 7.—Decided November 15, 1904.

HEIRS—RECORDING INHERITED PROPERTY—LIQUIDATION OF CONJUGAL PARTNERSHIP.—Property existing at the time of the death of the testator, who was twice married and died after the death of his second wife, cannot be awarded to and recorded by the heirs, without first proceeding to a liquidation of both marriages for the purpose of thus determining the share to which each of the spouses is entitled, and the shares belonging to their respective heirs; as their representatives, and for the purpose of having the proper records entered in the registry of property.

ID.—HEIRS BY REPRESENTATION.—One of the sons of the testator having died prior to the death of the latter, he can not inherit from his father, and

therefore the rights of the widow of said son in the inheritance of the deceased husband remained limited to the property constituting the estate of the latter at the date of his death, said widow having absolutely no right to the property inherited by her children as grandchildren of the testator, and concerning which property the law grants her no right.

## STATEMENT OF THE CASE.

A hearing was had of the present administrative appeal taken by Anastacio Castro from a decision of the registrar of property of this city refusing to admit a will to record.

On September 13, 1893, José Antonio Fuentes y Salla executed a nuncupative will before Tomás Valldejuly y Calatraveño, a notary of Bayamón, in which, among other things, he declared in the second clause thereof that he had been married twice, the first time to Felícita García, by which marriage he had had a daughter, who died during her minority without leaving issue; and the second time to Efigenia Maisonet y Dávila, by whom he had procreated five children, namely, Nicolasa del Carmen, Juan Francisco Hermógenes, José Antonio, José Gabriel and Carmen Fuentes y Maisonet. Of these children Juan Francisco Hermógenes died, he having been at the time of his death married to Francisca Rodríguez, who was living at the date of the will, by which marriage he had four children, grandchildren of the testator, named Efigenia, Inés Públia, Juan Francisco and Pedro Fuentes y Rodríguez, who had not reached the age of majority. He further added that the mother of said children, Francisca Rodríguez, had married a second time to Arturo Pacheco. By the eighth clause he designated his said legitimate children, Nicolasa del Carmen, José Antonio, José Gabriel, Carmen and Juan Francisco Hermógenes as his sole and universal heirs, share and share alike, to the net residue of all of his property; and in substitution of the latter, who had died, he designated his children, the grandchildren of the testator, named Efigenia, Inés Públia, Juan Francisco and Pedro Fuentes y Rodríguez, who as his representatives would acquire of their deceased

father, Juan Francisco Hermógenes, all the rights which might pertain to him in the estate. By the 10th clause of said will he appointed José Ramón Tibot y Fuentes and José Antonio and José Gabriel Fuentes y Maisonet, who were of legal age and residents of the said town of Bayamón, as executors of his estate with a power of distribution, for the purpose of making extrajudicially, either jointly or separately, an inventory, appraisement, liquidation and division of the estate, extending the legal year of the executorship for all such time as they might require, and prohibiting all legal intervention in the administration of his estate.

Said will having been presented to the registrar of property of this city, accompanied by a petition from Attorney Cruz Castro, as the representative of the executor and distributor, José Ramón Tibot y Fuentes, requesting that several pieces of real estate left by the testator be recorded, *pro indiviso,* in favor of his heirs, reserving to the surviving spouse, the widow of José Antonio Fuentes y Salla (the petition so reads), the usufructuary portion to which she was entitled as a part equal to that which would inure to each of the heirs of the deceased Fuentes as a legal portion, and to the widow of Juan Francisco Hermógenes her portion, likewise in usufruct, in the one-fifth share of the portion inherited by her children, the registrar refused to make the record requested for the reasons set forth in the memorandum placed at the foot of the will, and which reads as follows:

"Admission to record of the foregoing instrument, that is, of the estates sought to be recorded by virtue thereof in favor of the heirs of José Antonio Fuentes y Salla in the accompanying petition, is refused; because, the said testator having executed his will while a widower, it does not appear that the conjugal partnership which existed between said testator and Felícita García during first marriage and with Efigenia Maisonet y Dávila during second marriage has been liquidated; and for the reason that in the petition in question there is reserved to the widow of the testator and to that of his deceased son, Juan Francisco Hermógenes Fuentes, usufructuary

rights which do not exist, inasmuch as the second wife of the testator died before he died, and the death of the husband of Francisca Rodríguez occurred before that of the said testator, as is stated in the will; and in compliance with the law concerning the decisions of registrars of property, cautionary notice has been entered at folio 58, reverse side, of book 154, entry letter A; and at folios 197 and 201, reverse side, of book 13 of said town, estates 716 and 717, entry letter A; all of which entries will have legal effect for one hundred and twenty days from date. San Juan Bautista de Puerto Rico, May· 9, 1904.''

Notice of said memorandum having been given to the proponent of the will, he was not satisfied with the action of the registrar, and therefore requested that said instrument be forwarded to this court for such decision as might be proper. This was done by said official, who subsequently, in compliance with an order made to supply omissions in the record, transmitted to this court the petition of the executor and distributor, José Ramón Tibot y Fuentes, to which said petition reference has already been made.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

It appearing from the will of José Antonio Fuentes y Salla that he was twice married, his second wife, Efigenia Maisonet y Dávila having also died before his death occurred, the property existing at the time· of his death cannot be awarded to the heirs of the widower, José Antonio Fuentes, without first proceeding to a liquidation of both marriages for the purpose of thus determining the share belonging to each spouse, and, as their representatives,· the shares belonging to their respective heirs, and for the purpose of having the proper records entered in the registry of property, in pursuance of the provisions of article 20 of the Mortgage Law in force.

Efigenia Maisonet, the second wife of José Antonio Fuentes, deceased, having died prior to the death of the latter, this is an additional reason why she did not come to inherit from

him, and, therefore, she could not have the right to the usufruct which the law grants to the married woman when she survives her husband, and vice versa; and as regards the other usufruct which it is sought to reserve to the widow of Juan Francisco Hermógenes, whose name is Francisca Rodríguez, it likewise cannot be claimed; for, although she survived her husband, the latter having died before the death of his father, José Antonio, he did not come to inherit from him, and therefore her rights in the inheritance of her husband remained limited to the property which constituted the estate of the latter at the date of his death; but she can by no means pretend that she be granted any property right in the portion to which her children are entitled as the heirs of their grandfather, José Antonio Fuentes, concerning which property the law grants her no right.

In view of articles 834 and 818 of the former Civil Code, the negative decision of the registrar of property of this city, appended to the bottom of the will in question, is affirmed. The documents presented are ordered to be returned, together with a certified copy of the present decision, for the information of the interested parties and other proper purposes.

Justices Hernández, Figueras, MacLeary and Wolf concurred.